UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| REGINALD A. JENKINS,<br><br>                          Plaintiff,<br><br>            -v.-<br><br>ISAAC D. DOMINGUEZ DUARTE and GRARISA ENTERPRISES,<br><br>                         Defendants. | 22 Civ. 05104 (JHR)<br><br>ORDER OF DISMISSAL |

JENNIFER H. REARDEN, District Judge:

       On June 22, 2022, Plaintiff filed the Complaint in this action for negligence against Defendants Isaac D. Dominguez Duarte ("Dominguez") and Grarisa Enterprises seeking damages from an alleged motor vehicle accident. ECF No. 3. On August 8 and 10, 2022, respectively, Defendants Dominguez and Grarisa Enterprises were served with process. *See* ECF Nos. 7-8. Accordingly, Defendant Dominguez's response was due on August 29, 2022, and Defendant Grarisa Enterprises' response was due on August 31, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). On September 23, 2022, Defendants appeared and filed an answer. ECF Nos. 12, 14. On September 24, 2022, Defendants filed an amended answer. ECF No. 15. There has been no activity on the docket since September 2022.

       On March 9, 2023, following reassignment to this Court, the Court ordered the parties to file a joint letter updating the Court on the status of the case by March 23, 2023. ECF No. 21. The parties did not comply with that Order. On June 21, 2023, the Court again directed the parties to file a joint status letter, setting a deadline of July 7, 2023. ECF No. 22. The parties again failed to comply.

On November 2, 2023, the Court issued an Order to Show Cause to Plaintiff "why this action should not be dismissed for failure to prosecute." ECF No. 23. The Court cautioned that "[f]ailure to show such good cause, or otherwise indicate an intention to proceed with the lawsuit, **may result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41** of the Federal Rules of Civil Procedure." *Id.* (emphasis added). Plaintiff did not file any response.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice due to his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Carr v. Canty*, No. 10 Civ. 3829 (BSJ) (KNF), 2011 WL 1641439, at *1 (S.D.N.Y. Apr. 28, 2011), *report and recommendation adopted*, ECF No. 16 (S.D.N.Y. June 18, 2011) (recommending dismissal, *inter alia*, for failure to prosecute).

In considering a Rule 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has

2

adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "[N]one of the five factors is separately dispositive[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). The Court has carefully considered each of these factors and concludes that dismissal is warranted. *See Lucas*, 84 F.3d at 535.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255. Since March 2023, Plaintiff has repeatedly failed to comply with the Court's directives. *See* ECF Nos. 21-23. Plaintiff's apparent unwillingness to follow the Court's Orders, and his delay over nearly seventeen months in prosecuting this case (including more than eleven months since the March 9, 2023 Order) favor dismissal. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal "given [plaintiff's] complete intransigence in the face of a clear court order" over the course of six months); *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (holding delay justified dismissal where plaintiff had "proffered no explanation for her apparent abandonment of her case, nor . . . made any attempt to contact th[e] Court or [the] defendant" for six months). Second, Plaintiff was "on notice" when, on November 2, 2023, the Court warned that failure to comply with its Order "**may result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41**[.]" ECF No. 21 (emphasis added); *Lucas*, 84 F.3d at 535. Plaintiff nevertheless did not take any action in response to that Order.

Third, Defendants "are likely to be prejudiced by further delay in the proceedings." *Lucas*, 84 F.3d at 535. As detailed above, Plaintiff's "inaccessibility has delayed this case for . . . months." *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013). Where, as here, this delay is "inexcusable," "prejudice is presumed." *Id.* (deeming prejudice presumed where plaintiff was "completely inaccessible" and caused "at least a seven-month delay in

prosecuting this action"); *see Hibbert*, 2000 WL 977683, at *3 (holding that "plaintiff's delay [was] neither moderate nor excusable" and presuming prejudice to defendant where "[t]he record [was] devoid of any explanation for plaintiff's complete inaction and failure to respond . . . for over six months").

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. "Conduct such as occurred here[,]" where Plaintiff has effectively abandoned his case, "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (noting that a "consideration of the five Lucas factors . . . justif[ied] the sanction imposed."); *see Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01 Civ. 3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed her mind or the court lost patience."). In issuing the three Orders described above, the Court afforded Plaintiff "a fair chance to be heard." *Lucas*, 84 F.3d at 535. It is not efficient for the Court to attempt to goad Plaintiff and her counsel into compliance while this case continues to languish on the Court's docket.

Finally, the Court finds that "a sanction less drastic than dismissal" would not suffice. *Id.* Plaintiff has not shown any interest in prosecuting this case—for example, by "request[ing] additional time to litigate his . . . claims[,]" or by "represent[ing] that [he was] prepared to prosecute those claims diligently." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute). "The Court has given Plaintiff opportunities to be heard, but Plaintiff has refused to prosecute this case, notwithstanding the

4

Court's repeated warnings." *Melancon v. New York City Dep't of Educ.*, No. 19 Civ. 10040, 2023 WL 123199, at *3 (S.D.N.Y. Jan. 6, 2023); *see also Ruzsa v. Rubenstein & Sendy Attys. at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."); *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, the above-captioned case is hereby dismissed without prejudice, pursuant to Rule 41(b), for failure to prosecute and to comply with the Court's Orders. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 23, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge